IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | ) | Case No. 24-12058 |
| | ) | |
| DONNA M. COLEMAN and | ) | Chapter 13 |
| MARCELO P.L. DESSIN, | ) | |
| | ) | |
| Debtors. | ) | Judge Lori S. Simpson |
| _____ | ) | |
| | ) | |
| DONNA M. COLEMAN, *et al.*, | ) | Adv. Proc. No. 24-139 |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ANSWER TO AMENDED COMPLAINT**

Defendant Internal Revenue Service (IRS) answers the Amended Complaint in this adversary bankruptcy proceeding as follows.

*Jurisdiction and Venue*

1. The IRS admits the allegations in the first, second, and third sentences of this paragraph. The fourth sentence of this paragraph is Plaintiffs' consent to this Court's entry of a final judgment and therefore requires no response.

2. Admitted.

*Parties*

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

### *Background*

7. Defendant admits that Plaintiffs became indebted to the IRS before they filed the underlying bankruptcy petition but lacks sufficient information and knowledge to admit or deny the remaining allegations in the first sentence of this paragraph. Defendant admits the remaining allegations in this paragraph. Exhibits 1 and 2 speak for themselves.

8. Admitted.

9. Admitted.

### COUNT I – PREFERENTIAL TRANSFER

10. This paragraph requires no response because Section 547(b) of the Internal Revenue Code speaks for itself. *See* 11 U.S.C. § 547(b).

11. Defendant admits the IRS levied Plaintiff Donna Coleman's wages between December 2023 and March 2024, but denies that the wage levies fall under the definition of preferential payments under § 547(c).

   1) Admitted.

   2) Denied.

   3) Denied.

   4) Defendant admits that the transfer was not voluntary but lacks sufficient information or knowledge to admit or deny the remaining allegations in this sentence.

   5) Denied.

12. Exhibit 3 to Plaintiffs' Amended Complaint speaks for itself.

13. Defendant admits that preferential payments are estate assets that must be returned to Debtors under § 542 but denies any allegation that the wage levies described in the Amended Complaint constitute preferential payments under the statute.

14. Defendant lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

15. Defendant lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

### *Conclusion*

The remainder of the Amended Complaint consists of Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies the allegations in Plaintiffs' prayer for relief, and avers that Plaintiffs are not entitled to any relief in this action.

Defendant denies every allegation of the Amended Complaint not specifically and expressly admitted herein.

//

//

[continued on next page]

WHEREFORE, Defendant Internal Revenue Service requests that this Court deny Plaintiffs the relief they seek, dismiss the Amended Complaint, and grant such other relief that this Court deems appropriate.

DATED: August 1, 2024

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

s/ *Joycelyn S. Peyton*
JOYCELYN S. PEYTON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Tel:  202-514-6576
Fax:  202-514-6866
Joycelyn.S.Peyton@usdoj.gov
*Counsel for the United States*

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the Defendant Internal Revenue Service's **Answer** has been made on August 1, 2024 via the CM/ECF system, to all parties who have entered an appearance in this action.

/s/ *Joycelyn S. Peyton*
JOYCELYN S. PEYTON
Trial Attorney, Tax Division
U.S. Department of Justice